UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RACHEL MARIE WHITTED,<br><br>                         Plaintiff,<br>    v.<br><br>NORTHERN NEVADA DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>                         Defendants. | Case No. 3:20-cv-00672-MMD-CLB<br><br>ORDER |

      This action began when Rachel Marie Whitted, who is incarcerated at the Northern Nevada Correctional Center ("NNCC") filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. On December 7, 2020, the Court issued an order denying the Plaintiff's application to proceed *in forma pauperis*, without prejudice, because the application was incomplete. (ECF No. 3 at 2.) The Court ordered Plaintiff to file a fully complete application to proceed *in forma pauperis* or pay the full filing fee of $402 on or before February 2, 2021. (*Id.* at 2-3.) The February 2, 2021 deadline has now expired, and Plaintiff has not filed another fully complete application to proceed *in forma pauperis* or paid the full $402 filing fee.

      The Court notes that on December 11, 2020, Plaintiff filed another incomplete application (ECF No. 4) which was missing Plaintiff's signature on page three and a signature by prison officials on page four of the application. Thereafter, on December 15, 2020, Plaintiff submitted what appears to be two identical copies of her financial certificate and inmate account statement. (ECF Nos. 5, 6.) But Plaintiff did not submit pages one through three of the application with her financial certificate and inmate account statement. Even if the Court compiles all of Plaintiff's individual *in forma pauperis* filings (ECF Nos. 4, 5, 6), Plaintiff still has not submitted a fully complete *in forma pauperis*

application by the February 2, 2021 deadline because her application is missing two signatures.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring

disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Plaintiff to file another application to proceed *in forma pauperis* or pay the full $402 filing fee on or before February 2, 2021 expressly stated: "IT IS FURTHER ORDERED that, if Plaintiff does not file a fully complete application to proceed *in forma pauperis* with all three documents or pay the full $402 filing fee for a civil action on or before February 2, 2021, this case will be subject to dismissal <u>without prejudice</u> for Plaintiff to refile the case with the Court, under a new case number, when Plaintiff has all three documents needed to file a complete application to proceed *in forma pauperis* or pays the the full $402 filing fee." (ECF No. 3 at 3.) Thus, Plaintiff had adequate warning that dismissal would result from noncompliance with the Court's order to file another fully complete application to proceed *in forma pauperis* or pay the full $402 filing fee on or before February 2, 2021.

It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's failure to file another fully complete application to proceed *in forma pauperis* or pay the full $402 filing fee in compliance with this Court's order dated December 7, 2020 (ECF No. 3).

///
///
///
///
///
///
///
///
///

3

It is further ordered that all pending motions (ECF Nos. 4, 7, 8) are denied as moot.

The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

DATED THIS 16th Day of February 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE